09-2769-cr
United States v. Shahid

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             GERARD E. LYNCH,
                      *Circuit Judges*.

_____

UNITED STATES,

                              *Appellee*,

            v.
                                        (09-2769-cr)

MIAN SHAHID,

                    *Defendant-Appellant*.

_____

| | |
|---|---|
| Appearing for Appellant: | Jonathan Kaye, Bayside, N.Y. (Andrew J. Schatkin, Law Offices of Andrew J. Schatkin, on the brief), *on submission*. |
| Appearing for Appellee: | Zachary Feingold, Michael D. Maimin, Assistant United States Attorneys, *of counsel*, for Preet Bharara, United States Attorney for the Southern District of New York, N.Y.,  *on submission*. |

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mian Shahid appeals from the 108-month sentence imposed June 25, 2009, in the United States District Court for the Southern District of New York (McMahon, J.) following a guilty plea to one count of wire fraud in connection with a credit application, 18 U.S.C. § 1343; one count of trafficking in unauthorized access devices, 18 U.S.C. § 1029(a)(2); one count of using and of causing another to use, without authorization, a fraudulently obtained identification document in fraudulent activity, 18 U.S.C. § 1028(a)(2); and one count of bank fraud, 18 U.S.C. § 1344. Under the guidelines, his adjusted offense level was 27, and his criminal history category was III. The resulting advisory guidelines range was 87-108 months' imprisonment. On June 25, 2009, Judge McMahon of the Southern District of New York sentenced Shahid principally to 108 months' imprisonment. Shahid is currently serving his sentence, and now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Sentences are reviewed for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). A court "commits procedural error where it fails to calculate the guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . or rests its sentence on a clearly erroneous finding of fact." *Cavera*, 550 F.3d at 190 (internal citations and quotations omitted). When conducting substantive review, we consider the "totality of the circumstances" without adhering to a "rigid" formula. *Id.* (internal quotations omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Shahid first argues that the district court erred in not reduce his sentence downward for acceptance of responsibility. Entering a guilty plea does not entitle a defendant to a reduction for acceptance of responsibility as of right. U.S.S.G. § 3E1.1, comment. n. 3; *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir. 2001). Instead, the sentencing guidelines set forth certain criteria for courts to consider in deciding whether to award the reduction, including "truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable." U.S.S.G. § 3E1.1, comment. n. 1. The defendant bears the burden of proving his entitlement to an acceptance of responsibility reduction. *United States v. Smith*, 174 F.3d 52, 55-56 (2d Cir. 1999). Here, the district court's determination that Shahid is not entitled to credit for acceptance of responsibility is adequately supported, given that statements by Shahid at his plea allocution and at sentencing indicated a refusal to accept responsibility for his actions.

2

Shahid next argues that the district court erred in upwardly adjusting his sentence for obstruction of justice. Under the sentencing guidelines, an upward adjustment for obstruction of justice is warranted where "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." U.S.S.G. § 3C1.1. The adjustment is applicable when a defendant gives "materially false information to a judge." U.S.S.G. § 3C.1.1, comment. n.4(f).

Shahid does not argue that he did not make false statements to the court. Rather, he argues he did not willfully provide false testimony, and that only willfully false testimony given under oath merits an upward adjustment for obstruction. Shahid argues that he "chose to make a statement, it may have contradicted his guilty plea, but he also may not have understood the system with which he was operating under, and may have been confused, mistaken, excited, or attempting to salvage what he could of the situation."

This argument is completely contradicted by what transpired at the sentencing. Judge McMahon stopped Shahid in the middle of his statement, warned him that he ran the risk of increasing his sentence if he kept making false statements to the court, and gave him a chance to confer with his attorney. Shahid ignored his attorney's on-the-record advice to stop talking, and persisted in falsely denying the majority of the fraudulent acts for which he was being sentenced.
Morever, the record supports Judge McMahon's factual findings that Shahid lied at sentencing, and the circumstances support her finding that Shahid's statements were willful, rather than simply errors made during a stressful situation. Thus, the district court did not commit clear error in making its factual findings, and did not commit error in upwardly adjusting Shahid's sentence for obstruction. Nor did the district court err by applying the obstruction enhancement to materially false testimony not made under oath. Citing no precedent, Shahid argues that the obstruction enhancement is warranted only for perjury. To the contrary, perjury is just one of the types of conduct to which the obstruction enhancement applies. *See* U.S.S.G. § 3C1.1 comment. n. 4(b) ("committing . . . perjury"); *id*. § 3C1.1 comment n.4(f) (providing materially false information to a judge").

Finally, Shahid argues that in calculating his sentence, the district court rigidly applied the sentencing guidelines recommendations, and failed to properly consider the Section 3553(a) factors. The record indicates the district court discussed the Section 3553(a) factors, including Shahid's criminal history and characteristics, the seriousness of the offense, and the need to protect the public from Shahid. Judge McMahon also stated that "a sentence at the high end of the guidelines is reasonable, necessary and appropriate to achieve all of the goals of Section 3553(a), all of which I have taken into account."

We find no error. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3